The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES in part and AFFIRMS in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement dated October 18, 1995, as
STIPULATIONS
1. The plaintiff alleges an injury to his neck and back on September 7, 1994.
2. On September 7, 1994, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
3. On September 7, 1994, an employment relationship existed between plaintiff and defendant-employer.
4. Defendant-employer is self-insured.
5. The plaintiff's average weekly wage was $325.60.
6. The period of time that plaintiff was out of work following the September 7, 1994 injury was as follows: September 12-14, 20-22, 1994, May 8-September 1, 1995.
7. The medical records for plaintiff, which are attached to the Pre-Trial Agreement, were stipulated into evidence.
********
Based upon all of the competent evidence of record, the Full Commission finds as follows:
FINDINGS OF FACT
1. On September 7, 1994, plaintiff was employed by the defendant-employer as a maintenance worker in the water and sewer division.
2. On this date, plaintiff was operating a truck owned by the defendant-employer in the course and scope of his employment when the plaintiff was distracted by the malfunctioning vehicle. The distraction caused plaintiff to lose control of the vehicle and overturn.
3. On September 9, 1994, plaintiff went to the emergency room at Community Hospital with complaints of neck pain.
4. On September 15, 1994, plaintiff returned to work with defendant-employer and complained of neck pain. Defendant-employer then referred plaintiff to Dr. Rob Jones, who is an orthopaedic surgeon and the company doctor. Plaintiff sought treatment from Dr. Jones on September 17, 1994. Dr. Jones' examination of the plaintiff did not reveal any fractures; he diagnosed "back sprain/strain" and recommended light duty work.
5. Plaintiff returned to work with defendant-employer but continued to complain of neck pain. Defendant-employer then made a referral of the plaintiff to Dr. J. Greg Nelson, an orthopaedic surgeon in the same practice as Dr. Jones. On October 17, 1994, Dr. Nelson examined plaintiff and ultimately concurred with Dr. Jones. Dr. Nelson opined that he did not anticipate that the plaintiff would have any problem lifting, that he could return to all activities; and that he felt plaintiff would make a full recovery.
6. Plaintiff returned to work with defendant-employer following the examination by Dr. Nelson. Plaintiff requested a second opinion by a doctor of his choice which was initially denied by defendant. Plaintiff filed a Form 33 Request for Hearing. Defendant subsequently agreed to a second opinion evaluation only.
7. On December 16, 1994, plaintiff was examined by Dr. Josephus Th. Bloem, who is an orthopaedic surgeon in Rocky Mount. Dr. Bloem was chosen by the plaintiff for a second opinion. Dr. Bloem felt that the plaintiff should be restricted to light duty and should engage in physical therapy.
8. Defendant-employer refused to pay for the physical therapy prescribed by Dr. Bloem or any follow-up treatment by Dr. Bloem. The defendant-employer had authorized plaintiff to see Dr. Bloem for an independent medical evaluation only. Although defendant accepted responsibility for plaintiff's medical treatment by Dr. Jones and Dr. Nelson, there is no evidence to establish that defendant either admitted or denied liability for plaintiff's injury.
9. Plaintiff was again seen by Dr. Bloem on February 3, 1995, March 20, 1995, and June 29, 1995. Dr. Bloem believed that plaintiff's back sprain/strain continued through these months and would continue.
10. Between March 1995 and May 18, 1995, plaintiff had been to physical therapy four times. Physical therapy did not completely alleviate his pain. Plaintiff did not miss any time from work due to his injury after September 30, 1994.
11. On September 7, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant when the truck he was driving overturned. Plaintiff injured his neck and back in the accident.
12. As a result of his neck injury, plaintiff was unable to work for a total of six days: September 12-14, 1994 and from September 20-22, 1994.
13. On March 15, 1995, plaintiff was notified by defendant-employer that he was being transferred to a non-driving position due to the number of preventable accidents in which he had been involved. On May 9, 1995, a position was identified and plaintiff was terminated after refusing the offered position. Plaintiff was subsequently reinstated on September 1, 1995. Plaintiff's failure to work between May 8, 1995 and September 1, 1995 was unrelated to his work related injury
14. On June 7, 1995, a private investigator retained by defendant-employer conducted surveillance of the plaintiff. The surveillance showed plaintiff conducting normal activities, with the exception of pushing his Honda automobile and lifting a riding lawn mower. There is no medical evidence that these activities were outside the physical restrictions of Dr. Bloem. Also, plaintiff was not disabled due to a work-related injury during the time the surveillance was conducted.
15. Plaintiff is seeking to have the medical treatment provided by Dr. Bloem authorized. Plaintiff timely filed a request for change of treating physician.
16. The medical evaluation and treatment provided to plaintiff by Dr. Bloem was reasonably required to effect a cure, provide relief and/or tended to lessen plaintiff's disability.
********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has proven by the greater weight of the evidence that he sustained an injury by accident on September 7, 1994 arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's injury by accident, he was temporarily totally disabled for six (6) days and is not entitled to compensation because his incapacity to work did not exceed the seven-day waiting period. N.C. Gen. Stat. § 97-28..
3. The medical treatment provided to plaintiff by Dr. Bloem and the physical therapy recommended by Dr. Bloem were reasonably required to effect a cure, provide relief and or tended to lessen plaintiff's disability and is therefore authorized. N.C. Gen. Stat. § 97-25.
********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim for temporary total disability benefits must be, and the same is hereby, DENIED.
2. Plaintiff's claim for compensation for medical treatment provided by Dr. Bloem is GRANTED.
3. Defendant shall pay for the medical treatment provided to plaintiff by Dr. Bloem and for the physical therapy recommended by Dr. Bloem when bills for same have been submitted and approved through procedures adopted by the Commission. Defendant shall pay to plaintiff interest on the outstanding medical bills at the rate of 8%.
4. An attorney's fee of $500.00 is approved for plaintiff's attorney to be paid by plaintiff.
5. Defendant shall pay the costs, including the deposition cost of Dr. Bloem in the amount of $180.00.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ MARY M. HOAG DEPUTY COMMISSIONER
BSB:md